UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ALEXANDER BOSTIC,

    Plaintiff,
vs.

MATARI BODIE,

    Defendant.
_____/

# COMPLAINT

Plaintiff, Alexander Bostic ("Bostic"), by and through his undersigned counsel, sues Defendant, Matari Bodie ("Bodie"), and alleges as follows:

### *Parties, Jurisdiction, and Venue*

1. Bostic is an individual and is a citizen of the State of Georgia.

2. Bodie is an individual and is a citizen of the state of Florida.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Bostic and Bodie and the amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorney's fees.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

### *Allegations Common to All Counts*

*Initial Meeting between Defendant and Mr. Bostic*

5. In July of 2021, Bodie presented to Bostic an "investment opportunity," pursuant to which Bostic would "loan" Bodie money that would then be used to fund a group of personal injury lawyers.

131944204.2

6. Bodie represented that the personal injury claims would be paid from a pool of money obtained through a series of "loans" and that when the personal injury cases were concluded, the "lenders" would be re-paid with a significant additional return.

7. Bodie typically contacted Bostic every Tuesday and Thursday to notify him that different "loan" contracts were available for funding. These "loan" contracts would vary in amount and maturity.

8. Bodie represented that only he could work with the personal injury lawyers. As such, Bostic never met or entered into any agreement with the personal injury lawyers with whom Bodie claimed to work.

*Bostic's Agreement*

9. Two weeks after their initial meeting, Bostic agreed to "lend" Bodie $37,500.00 and wired the funds to Bodie.

10. On or about July 5, 2021, Bodie and Bostic entered into an agreement whereby Bostic agreed to invest $50,000.00 on July 5, 2021 and Bodie agreed to repay the entire principal, plus $12,500.00 in interest, for a total of $62,500.00, on August 30, 2021.

11. On September 1, 2021, Bodie offered Bostic the option to enter into another "loan" agreement, using a portion of the amount owed to him under the July 5, 2021 "loan" agreement. Bostic and Bodie then entered into a new "loan" agreement, pursuant to which Bodie retained $30,000 of the proceeds from the July 5, 2021 "loan" agreement and agreed to repay that amount, plus an additional $7,500.00 in interest, for a total payment of $37,500.00, on November 24, 2021.

*Assignors' Agreements*

12. Bodie subsequently entered into additional "loan" agreements with Danny Pickard, Jahi Richardson, Anthony Palmer, Shakeia Fleeks, Austin Smith, Justin Miller, Ryan Magwood, Chanel Miller, and The Way of Yah (collectively, "Assignors").

13. On or about September 27, 2021 Bodie entered into the following "loan" agreements:

   a. Agreement with The Way of Yah where The Way of Yah agreed to invest $170,000.00 on September 27, 2021, and Bodie agreed to pay the principal, plus $42,500.00 in interest, for a total of $212,500.00, on December 6, 2021;

   b. Agreement with Danny Pickard where Danny Pickard agreed to invest $10,000.00 on September 27, 2021, and Bodie agreed to pay the principal, plus $2,500.00 in interest, for a total of $12,500.00, on December 6, 2021;

   c. Agreement with Jahi Richardson where Jahi Richardson agreed to invest $10,000.00 on September 27, 2021, and Bodie agreed to pay the principal, plus $2,500.00 in interest, for a total of $12,500.00, on December 6, 2021;

   d. Agreement with Anthony Palmer where Anthony Palmer agreed to invest $20,000.00 on September 27, 2021, and Bodie agreed to pay the principal, plus $5,000.00 in interest, for a total of $25,000.00, on December 6, 2021;

   e. Agreement with Shakeia Fleeks where Shakeia Fleeks agreed to invest $5,000.00 on September 27, 2021, and Bodie agreed to pay the principal, plus $1,250.00 in interest, for a total of $6,250.00, on December 6, 2021;

   f. Agreement with Austin Smith where Austin Smith agreed to invest $6,000.00 on September 27, 2021, and Bodie agreed to pay the principal, plus $1,500.00 in interest, for a total of $7,500.00, on December 6, 2021;

   g. Agreement with Justin Miller where Justin Miller agreed to invest $27,000.00 on September 27, 2021, and Bodie agreed to pay the principal, plus $6,750.00 in interest, for a total of $33,750.00, on December 6, 2021; and

   h. Agreement with Ryan Magwood where Ryan Magwood agreed to invest $5,000.00 on September 27, 2021, and Bodie agreed to pay the principal, plus $1,250.00 in interest, for a total of $6,250.00, on December 6, 2021.

14. On or about October 11, 2021 Bodie entered into the following "loan" agreements:

    a. Agreement with Ryan Magwood where Ryan Magwood agreed to invest $5,000.00 on October 11, 2021, and Bodie agreed to pay the principal, plus $1,250.00 in interest, for a total of $6,250.00, on December 21, 2021; and

    b. Agreement with Chanel Miller where Chanel Miller agreed to invest $5,000.00 on October 11, 2021, and Bodie agreed to pay the principal, plus $1,250.00 in interest, for a total of $6,250.00, on December 21, 2021.

15. On or about October 20, 2021, Bodie entered into an agreement with Ryan Magwood where Ryan Magwood agreed to invest $6,000.00 on October 20, 2021, and Bodie agreed to pay the principal, plus $1,250.00 in interest, for a total of $7,250.00, on January 3, 2022.

16. Bodie also agreed to pay a late fee of $150.00 to Bostic and each of the Assignors if payment was not made within 10 days of the due date.

17. Bostic and the Assignors each made all payments that they were required to make pursuant to the agreements detailed above.

18. Bodie made a single payment in the amount of $32,500.00 to Bostic, but failed and refused to make the payment of $37,500.00 due to Bostic on November 24, 2021.

19. Bodie did not make any payments to the Assignors pursuant to the agreements detailed above.

20. As Bodie failed to make the payments to Bostic and the Assignors when due, Bodie represented that the lawyers with whom Bodie was working wanted to extend the "loan" agreements from ten weeks to fifteen weeks because the settlements were not paying out as fast as anticipated.

21. Bodie then represented that someone with whom he worked "took" the money that Bodie owed to Bostic and Assignors.

22. Bodie has failed and refused return the funds that were loaned to him or to pay the additional interest as required by the above-referenced agreements.

23. Each of the Assignors has assigned to Bostic all of his or her rights under their respective agreements with Bodie and their rights to recover against Bodie.

24. Bodie owes the following amounts, plus interest:

| | |
|---|---|
| Bostic's Agreement Effective September 15, 2021 | $37,500.00 |
| Bostic's Agreement Effective September 15, 2021; Late Fee | $150.00 |
| The Way of Yah's Agreement Effective September 27, 2021 | $212,500.00 |
| The Way of Yah's Agreement Effective September 27, 2021; Late Fee | $150.00 |
| Danny Pickard's Agreement Effective September 27, 2021 | $12,500.00 |
| Danny Pickard's Agreement Effective September 27, 2021; Late Fee | $150.00 |
| Jahi Richardson's Agreement Effective September 27, 2021 | $12,500.00 |
| Jahi Richardson's Agreement Effective September 27, 2021; Late Fee | $150.00 |
| Anthony Palmer's Agreement Effective Date September 27, 2021 | $25,000.00 |
| Anthony Palmer's Agreement Effective Date September 27, 2021; Late Fee | $150.00 |
| Shakeia Fleeks' Agreement Effective Date September 27, 2021 | $6,250.00 |
| Shakeia Fleeks' Agreement Effective Date September 27, 2021; Late Fee | $150.00 |
| Austin Smith's Agreement Effective Date September 27, 2021 | $7,500.00 |
| Austin Smith's Agreement Effective Date September 27, 2021; Late Fee | $150.00 |
| Justin Miller's Agreement Effective Date September 27, 2021 | $33,750.00 |
| Justin Miller's Agreement Effective Date September 27, 2021; Late Fee | $150.00 |
| Ryan Magwood's Agreement Effective Date September 27, 2021 | $6,250.00 |
| Ryan Magwood's Agreement Effective Date September 27, 2021; Late Fee | $150.00 |
| Ryan Magwood's Agreement Effective October 11, 2021 | $6,250.00 |
| Ryan Magwood's Agreement Effective October 11, 2021; Late Fee | $150.00 |
| Chanel Miller's Agreement Effective October 11, 2021 | $6,250.00 |
| Chanel Miller's Agreement Effective October 11, 2021; Late Fee | $150.00 |
| Ryan Magwood's Agreement Effective October 20, 2021 | $7,250.00 |
| Ryan Magwood's Agreement Effective October 20, 2021; Late Fee | $150.00 |
| **TOTAL** | **$375,300.00** |

25. All conditions precedent to this action have been performed, have been waived, or have been satisfied.

131944204.2

## COUNT I
## BREACH OF CONTRACT

26. Bostic realleges, incorporates, and asserts by reference the allegations set forth in Paragraphs 1 through 25.

27. Bostic and the Assignors each entered into various contracts with Bodie.

28. Bodie materially breached each of the foregoing agreements by failing and refusing to pay monies due and owing to Bostic and the Assignors.

29. As a direct and proximate result of Bodie's material breaches of the agreements, Bostic and the Assignors have suffered damages in the amount of at least $375,300.00.

WHEREFORE, Plaintiff, Alexander Bostic, demands entry of judgment against Defendant, Matari Bodie, for damages, plus costs and attorney's fees, with interest thereon, and such other and further relief as is just and proper.

## COUNT II
## FRAUDULENT MISREPRESENTATION/INDUCEMENT

30. Bostic realleges, incorporates, and asserts by reference the allegations set forth in Paragraphs 1 through 25.

31. Bodie made material representations to Bostic and the Assignors concerning his intent to make certain payments to Bostic and the Assignors.

32. Bostic made the foregoing representations knowing that they were false and/or with no intend to make the foregoing payments.

33. Bostic and the Assignors justifiably relied on Bodie's misrepresentations.

34. Bostic and the Assignors have suffered damages as a result of their reliance on Bodie's misrepresentations.

WHEREFORE, Plaintiff, Alexander Bostic, demands entry of judgment against Defendant, Matari Bodie, for damages, plus costs, with interest thereon, and such other and further relief as is just and proper.

### COUNT III
### UNJUST ENRICHMENT
### (Pled in the Alternative)

35. Bostic realleges, incorporates, and asserts by reference the allegations set forth in Paragraphs 1 through 25.

36. Bostic and the Assignors conferred a benefit on the Bodie by delivering funds to him.

37. Bodie had knowledge of the benefit and voluntarily accepted and retained the benefit conferred.

38. It would be inequitable for Bodie to retain the foregoing benefit.

39. Bostic and Assignors have been damaged as a result of Bodie's retention of the foregoing benefit.

WHEREFORE, Plaintiff, Alexander Bostic, demands entry of judgment against Defendant, Matari Bodie, for damages, plus costs, with interest thereon, and such other and further relief as is just and proper.

### COUNT IV
### FRAUD AND VIOLATION OF FLA. STAT. §517.301(1)(a)(c)

40. Bostic realleges, incorporates, and asserts by reference the allegations set forth in Paragraphs 1 through 25.

41. The agreements between Bodie and Bostic and the agreements between Bodie and each of the Assignors constitute "securities" as that term is defined by Fla. Stat. §507.021(22).

42. Bodie has directly or indirectly employed schemes, devices, and artifices to defraud Bostic and Assignors and engaged in fraudulent and deceptive business practices.

43. Bostic has also made untrue statements of material facts or omitted material facts necessary to make the statements, in the light of the circumstances under which they were made, not misleading.

44. In furtherance of his scheme, Bodie directly or indirectly, prepared, disseminated or used written offering documents, promotional materials and contracts, which contained untrue statements of material fact and misrepresentation of material facts.

45. Accordingly, Bodie has violated Fla. Stat. 517.301(1)(a)(c).

46. Bostic is an aggrieved party as a result of Bodie's violation of Fla. Stat. § 517.301 and is entitled to relief under Fla. Stat. §517.241(3).

WHEREFORE, Plaintiff, Alexander Bostic, demands entry of judgment against Defendant, Matari Bodie, for damages, plus costs and attorney's fees, with interest thereon, and such other and further relief as is just and proper.

## COUNT V
## CIVIL THEFT

47. Bostic realleges, incorporates, and asserts by reference the allegations set forth in Paragraphs 1 through 25.

48. Bodie obtained and used property having value that belonged to Bostic and Assignors by embezzlement, misapplication, misappropriation, conversion, false pretenses, fraud or deception.

49. Bodie's acts constitute an offense defined in Fla. Stat. §812.014(1).

50. Bostic has provided notice of this claim to Bodie, as required by Fla. Stat. §772.11. A copy of the foregoing notice is attached hereto as **Exhibit A**.

131944204.2

51. Bodie has violated Fla. Stat. §812.014(1), and Bostic is entitled to relief under Fla. Stat. §772.11, including threefold the actual damages sustained, reasonable attorney's fees, and court costs.

WHEREFORE, Plaintiff, Alexander Bostic, demands entry of judgment against Defendant, Matari Bodie, for treble damages, plus costs and attorney's fees, with interest thereon, and such other and further relief as is just and proper.

DATED April 1, 2022.

> FOX ROTHSCHILD LLP
> 777 S. Flagler Drive
> Suite 1700 – West Tower
> West Palm Beach, FL 33401
> Tel: (561) 804-4441
>
> By: */s/ David A. Greene*
>   David A. Greene
>   Florida Bar No. 87629
>   dgreene@foxrothschild.com
>   wpbeservice@foxrothschild.com
>
>   *Counsel for Plaintiff Alexander Bostic*