UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALEXANDER BOSTIC,

    Plaintiff,

v.                                                                Case No. 0:22-cv-60661

MATARI BODIE,

    Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Matari Bodie ("Bodie" or "Defendant") files his response in opposition to the Motion for Summary Judgment [D.E. 49] filed by Plaintiff, Alexander Bostic ("Bostic" or "Plaintiff"). The Court should deny Plaintiff's Motion for Summary Judgment because (1) he failed to address Defendant's affirmative defenses; (2) his breach of contract claim is founded upon illegal, usurious contracts which cannot be enforced in Court, including upon the equitable claim of unjust enrichment, and (3) his fraudulent inducement and civil theft claims are not appropriate for resolution at summary judgment.

    **I.    Plaintiff's Motion for Summary Judgment Does Not Address Defendant's Affirmative Defenses**

Defendant raised the following affirmative defenses to Plaintiff's Complaint: (1) Usury; (2) Proximate Cause; (3) Illegal Purpose; (4) Mutual Mistake; (5) Unclean Hands; (6) Unilateral Mistake; (7) Frustration of Purpose; (8) Impossibility of Performance; (9) Independent Tort Doctrine; and (10) Contractual Relationship. [D.E. 33]. Plaintiff's Motion for Summary Judgment says nothing about any of these defenses. As a result, summary judgment cannot be granted in Plaintiff's favor. *Hurricane Elecs., Inc. v. Indus. Conductor Prods., Inc.*, 2022 WL 2528361, *3,

n.2 (S.D. Fla. July 7, 2022) ("It must also be noted that Plaintiff's Motion for Summary Judgment addresses only two of Defendants' seven affirmative defenses. In order for summary judgment to be granted on the affirmative defenses, Plaintiff has the burden of proving that Defendant[s] cannot maintain these defenses by a preponderance of the evidence."); *OJ Commerce LLC v. Beazley USA Servs., Inc.*, 2021 WL 1907532, *10 (S.D. Fla. Feb. 24, 2021) (Denying motion for summary judgment where movant provided "conclusory allegations" regarding the opposing party's defenses); *Ringneck, Inc. v. Buck*, 2009 WL 2365690, *1 (M.D. Fla. July 30, 2009) (denying motion for summary judgment where movant "failed to address the numerous affirmative defenses" asserted by the defendant.); *Amerisure Ins. Co. v. Auchter Co.*, 2017 WL 3601387, * (M.D. Fla. March 30, 2017) ("Amerisure's Motion cannot be granted because it does not address Landmark's affirmative defenses."); *Owners Ins. Co. v. Shamblin & Shamblin Builders, Inc.*, 2014 WL 12576637, *1 (M.D. Fla. July 11, 2014) (denying summary judgment where movant did not address defendant's affirmative defenses and noting "[a] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion."). Plaintiff cannot cure this defect by addressing Defendant's several defenses for the first time in his reply in support of his Motion for Summary Judgment. *Perez v. Commodity Control Corp.*, 2017 WL 1293619, *1, n.2 (S.D. Fla. March 7, 2017) ("Plaintiff did not move for summary judgment on Defendants' affirmative defenses in his initial Motion, but instead only addressed these affirmative defenses in his Reply. . . The Court will not consider arguments raised for the first time in a reply brief."). On this basis alone, Plaintiff's Motion for Summary Judgment must be denied.

## II. Plaintiff is Not Entitled to Summary Judgment on His Breach of Contract Claim

Plaintiff states for the first time in his Motion for Summary Judgment that he "is not seeking to recover the investment return or the 'interest' provided for in the [Business Loan Agreements]." [D.E. 49 at 5, n. 3]. This proclamation does not sufficiently address Defendant's affirmative defense that the Business Loan Agreements upon which Plaintiff's breach of contract is based are usurious because they seek excessive interest. Plaintiff's abrupt decision not to pursue criminally usurious interest does not save the Business Loan Agreements because the determination of whether a loan is usurious is done at the inception of the loan. Thus, Plaintiff cannot unilaterally purge the Business Loan Agreements of their usurious and illegal nature in the middle of a legal proceeding. *See Shorr v. Skafte*, 90 So. 2d 604, 606 (Fla. 1956) ("It has been repeatedly held that the usurious character of a contract must be determined as of the date of its inception, and, if usurious at that time, no subsequent transaction will purge it. . . . We cannot agree that a contract usurious in its inception can be purged of its vices by mere delay in its enforcement."); *Oregund Ltd. P'ship v. Sheive*, 873 So. 2d 451, 457 (Fla. Dist. Ct. App. 2004) ("A key issue is the *liability* of the borrower under the contract's terms, or what *may be demanded* of a borrower, rather than what is demanded of him."); *World O World Corp. v. Patino*, 306 So. 3d 1044, (Fla. Dist. Ct. App. 2020) ("It is well-settled that the determination of whether a transaction is either civilly or criminally usurious is made at the inception of the loan.").

Nor can Plaintiff avoid the usurious nature of the Business Loan Agreements by referring to them as investments. For the reasons stated in Defendant's Motion for Summary Judgment [D.E. 47 at pp. 3-7], the Business Loan Agreements contain all the hallmarks of a loan; not an investment. *See Pinchuck v. Canzoneri*, 920 So. 2d 713, 715 (Fla. 4th DCA 2006) ("Even though the agreements . . . were put in terms of investment and the return is called profit, not interest, this

does not change our conclusion that these were loans and the transactions were usurious."). The agreements are called "Business Loan Agreement" and "Acknowledgement of Debt"; they are signed by each of the Assignors as Plaintiff as the "Lender" with Defendant as the "Borrower"; they require payment of "interest" by a date certain and payment is not contingent upon the success or failure of Defendant's business venture; they do not provide for a return or equity interest; they include a late fee if the principal and interest are not paid within a certain time period; and they include a provision for collection of legal fees if the Assignors or Plaintiff must pursue legal action to enforce the "note." [D.E. 58 at ¶¶13-43]. There is no factual dispute, based on the record in this case, that these were indeed usurious loans.

It also does not matter if Defendant is the one who supplied the Business Loan Agreements to Plaintiff and the Assignors.

> "Neither ignorance of the law *nor the fact that the suggestion of the usurious rate emanated from the borrower*, . . . nor the fact that a plan or scheme to circumvent usury was embraced by both parties, where the amount of interest is in fact usurious and known to the lender to be, will absolve [the lender] from the penalties involved because of usury."

*River Hills, Inc. v. Edwards*, 190 So. 2d 415, 424 (Fla. Dist. Ct. App. 1966) (emphasis added).

Plaintiff's Motion for Summary Judgment on his breach of contract claim must be denied for the aforementioned reasons as well as the arguments raised in Defendant's Motion for Summary Judgment, which Defendant incorporates herein. *See* [D.E.47 at pp. 3-7].

### III.   Plaintiff Is Not Entitled to Summary Judgment on His Fraud Claim

Plaintiff cannot prevail at summary judgment on his fraud claim for the reasons set forth in Defendant's Motion for Summary Judgment, which Defendant incorporates herein. *See* [D.E. 47 at 7-8]. To the contrary, Defendant has established that he is entitled to summary judgment on Plaintiff's fraud claim because, with respect to the Assignors, Defendant never made any

representations to them about the Business Loan Agreements and, as to the Plaintiff and the Assignors, the record demonstrates that Defendant was the victim of a Ponzi-scheme, not the perpetrator of one. *Id.*

Additionally, a plaintiff generally cannot prevail on a fraud claim at this stage of the proceeding because "the issue of fraud is not appropriate for summary judgment and better suited for trial because the questions of intent, knowledge and reliance depend on factual determinations." *State Farm Mut. Auto. Ins. Co. v. Physicians Inj. Care Ctr., Inc.*, 2008 WL 11333443, at *4 (M.D. Fla. Dec. 24, 2008). Here, the record evidence establishes that Defendant was one of many victims of a Ponzi-scheme perpetrated by Judith Paris Pinder. [D.E. 58 at ¶¶54-66]. He believed she had legitimate connections with a lawyer whose personal injury clients needed advances on their settlements. [D.E. 58 at ¶¶4-6]. Pinder had honored multiple contracts with Defendant previously and he believed it was a safe investment such that he could borrow funds to continue to participate in Pinder's loan program. [D.E. 58 at ¶9]. He did not realize something was wrong until November 2021, when he decided to return $200,000 to Right Choice Motors, an entity affiliated with one of the Assignors. [D.E. 58 at ¶¶49-51]. Under such circumstances, there are at a minimum, factual questions about Bodie's intent and knowledge[1] which preclude the entry of summary judgment in favor of Plaintiff. *Biscayne Cove Condo. Ass'n., Inc. v. QBE Ins. Corp.,* 951 F. Supp. 2d 1292, 1306 (S.D. Fla. 2013) ("While in some rare instances, where operable facts are uncontroverted, a party may obtain summary judgment on a fraud count, generally the question of whether an insured has made a material misrepresentation is a question for the jury to determine."); *see Tankersley v. Fisher*, 2007 WL 3011050, *1 , n.1 (N.D. Fla. Oct. 15, 2007) ("Judge Richard Posner

---

[1] There is no disputed issue as to reliance because the Assignors never spoke with Defendant about the Business Loan Agreements. *See* Defendant's Motion for Summary Judgment at [D.E. 47, pp. 7-8].

5

noted that 'it is rare for a judge to enter summary judgment in favor of the plaintiff in a fraud case" unless "the evidence [is] so overwhelming as to justify the district court in dispensing with a trial."); *Luxottica Retail North America, Inc. v. Stonybrook Ventures, Inc.*, 2010 WL 1878177, *2 (M.D. Fla. May 11, 2010) (denying plaintiff's motion for summary judgment on its fraud claim because "fraud is a difficult factual scenario to unravel in the summary judgment stage.")

### IV. Plaintiff Is Not Entitled to Summary Judgment on His Unjust Enrichment Count

Plaintiff is not entitled to summary judgment on his unjust enrichment count for the reasons set forth in Defendant's summary judgment motion. *See* [D.E. 47, at pp. 6-7]. Plaintiff may not use the theory of unjust enrichment to circumvent Florida usury laws. "Unjust enrichment is not an available claim for a party that created and performed under an illegal and unenforceable contract." *Richmond Manor Apts., Inc. v. Certain Underwriters at Lloyd's London*, 2011 WL 13175618, *7 (S.D. Fla. Feb. 28, 2011).

> In general, if a court will not, on grounds of public policy aid a promisee by enforcing that promise, it will not aid him by granting him restitution for performance that he has rendered in return for the unenforceable promise . . . . It will simply leave both parties as it finds them, even though this may result in one of them retaining a benefit that he has received as a result of the transaction.

*Id.; Sundby v. Johnson,* 2021 WL 8919287, *3 (S.D. Fla. June 11, 2021); *Fabricant v. Sears Roebuck*, 202 F.R.D. 306, 309 (S.D. Fla. May 21, 2001) ("Generally, a party has no claim in restitution for performance rendered under a promise that is unenforceable on grounds of public policy") (dismissing counterclaim for unjust enrichment). Only a party that is not "pari delicto" is excepted from this general rule. *Fabricant*, 202 F.R.D at 309. Here, Plaintiff cannot claim that he is free of wrongdoing when he is the one that ultimately told the Assignors about and induced to enter into the Business Loan Agreements. [D.E. 58 at ¶46]. Moreover, both Plaintiff and the

6

Assignors absolutely intended to collect the illegal rates of interest set forth in this agreements – so much so that they filed the Complaint in this action asking this Court to award them the illegal interest. Thus, Plaintiff cannot prevail at summary judgment or otherwise on his claim for unjust enrichment.

### V. Plaintiff Is Not Entitled to Summary Judgment on His Civil Theft Count

Plaintiff is not entitled to summary judgment on his civil theft count for the reasons articulated in Defendant's motion for summary judgment. [D.E. 47 at pp. 9-10]. To the contrary, Defendant has established that he is entitled to summary judgment because Plaintiff cannot demonstrate that the money at issue is specific and identifiable.

Additionally, Plaintiff is not entitled to summary judgment on his civil theft count because Defendant's intent, an essential element of a claim for civil theft, is not a proper inquiry at the summary judgment stage. *Fahey v. Am. Home Mortg. Servicing, Inc.*, 2012 WL 6114849, at *4 (S.D. Fla. Dec. 10, 2012) ("Summary judgment is usually not appropriate in a civil theft action because the determination whether a defendant had criminal intent should normally be left to the fact finder."); *Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-CV-81232, 2018 WL 2451189, at *11 (S.D. Fla. May 31, 2018).

For these reasons, Plaintiff is not entitled to summary judgment on the remaining counts of his Complaint, which are Count I for Breach of Contract, Count II for Fraudulent Inducement, Count III for Unjust Enrichment and Count V for Civil Theft. To the contrary, Defendant is entitled to summary judgment in his favor.

Respectfully submitted,

Strader Paschal PLLC          Lomax Legal PLLC
150 S. Pine Island Road, Suite 300    95 Merrick Way

| | |
|---|---|
| Plantation, FL 33324<br>Tel: (954) 880-1260<br><br>By: */s/ Yolanda P. Strader*<br>Yolanda P. Strader<br>Florida Bar No. 70212<br>yolanda@straderpaschal.com<br>Bryan L. Paschal<br>Florida Bar No. 091576<br>bryan@straderpaschal.com | 3rd Floor<br>Coral Gables, Florida 33134<br>Telephone: (305) 582-6506<br><br>By: */s/ Christopher M. Lomax*<br>Christopher M. Lomax<br>Florida Bar No. 56220<br>chris@lomaxlegal.com |

*Attorneys for Defendant, Matari Bodie*