UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60661-CIV-SINGHAL

ALEXANDER BOSTIC,

    Plaintiff,

v.

MATARI BODIE,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Matari Bodie's Motion for Reconsideration (DE [78]) of the Court's Order (DE [75]) on the parties' respective motions for summary judgment. The motion is fully briefed and ripe for review. For the reasons discussed below, the Motion for Reconsideration is denied.

I.    INTRODUCTION

Plaintiff Alexander Bostic ("Bostic") sued Defendant Matari Bodie ("Bodie") to recover money "invested" by Bostic and others in what turned out to be a Ponzi scheme. Bodie began by "investing money" with Judith Pinder, who allegedly helped fund settlements for attorneys.[1] Pinder gave each "investor" a Business Loan Agreement that required Pinder to pay the "investor" a 50% return on funds by a date certain. After Bodie began "investing" with Pinder, he told Bostic about the arrangement. Bostic wanted in and eventually recruited others to "invest" through Bodie.

---

[1] Pinder pled guilty to wire fraud in November 2022 (*see United States v. Paris-Pinder,* Case No. 22-cr-20452 (S.D. Fla. 2022), and on September 26, 2022, entered a consent judgment with the SEC (*see SEC v. Paris-Pinder,* Case No. 22-cv-23100 (S.D. Fla.).

Bodie cut and pasted Business Loan Agreements drafted by Pinder, changing the lenders' names, rates of return, and payment dates. Bodie promised each "investor" a 25% return on funds. Bodie's plan was to "invest" the money he received from the "investors" with Pinder, obtain a 50% return, repay 25% to his "investors," and keep 25% for himself. Bostic and the assignors wired various amounts to Bodie's account at TD Bank. As new funds came in, Bodie used those funds to pay off other "lenders" who had signed Business Loan Agreements. Eventually Pinder stopped paying Bodie and Bodie did not have enough funds to pay Bostic or the "investors." This lawsuit followed. Bostic sued on behalf of himself and as an assignee of the "investors."

The Court granted summary judgment in favor of Bostic on Bostic's claims for unjust enrichment, fraud and misrepresentation, and civil theft, Fla. Stat. § 772.11(1). The Court granted summary judgment in favor of Bodie on Bostic's claim for breach of contract because the contracts were usurious and, therefore, void under Florida law. A Final Judgment in the amount of $897,000 in favor of Bostic and against Bodie was entered on March 31, 2023. Bodie timely filed a Motion for Reconsideration.

II.   <u>LEGAL STANDARDS</u>

"Reconsideration is an extraordinary remedy to be employed sparingly." *Holland v. Florida*, 2007 WL 9705926, at *1 (S.D. Fla. June 26, 2007) (citation and internal quotation marks omitted). "The only grounds for granting a motion for reconsideration 'are newly-discovered evidence or manifest errors of law or fact.'" *United States v. Dean*, 838 Fed. Appx. 470, 471-72 (11th Cir. 2020) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). "[C]lear error or manifest injustice occurs where the Court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but

2

of apprehension." *Great Lakes Ins. SE v. Boat Rental Miami, Inc.,* 2020 WL 264674, at *6 (S.D. Fla. Jan. 17, 2020) (quotations omitted).

A motion for reconsideration should not address issues litigated previously. *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997). "A party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief." *Dean*, 838 Fed. Appx. at 472 (citing *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)). "When a litigant simply thinks a district court's ruling is wrong, the proper remedy is to appeal the ruling, not to seek reconsideration." *Nuwer v. FCA US LLC,* 2023 WL 4370737, at *1 (S.D. Fla. Apr. 5, 2023).

III.   DISCUSSION

Bodie raises five grounds for reconsideration: (1) criminal intent is a factual issue and, therefore, summary judgment should not have been granted on the civil theft and fraud claims; (2) summary judgment on the civil theft claim was improper because the funds were never segregated; (3) Bodie was not afforded notice of the misrepresentations at the heart of the fraud claim; (4) the Court's Order was internally inconsistent because it considered the Business Loan Agreements both "loans" and the basis for a Ponzi scheme; and (5) the Court's Order incorrectly failed to apply the doctrine of unclean hands to bar Bostic's unjust enrichment claim.

A.   Criminal Intent

The Court found at summary judgment that the undisputed facts provided "clear and convincing evidence" of criminal intent on the part of Bodie. *See* Order (DE [75] pp. 12-13, 16). Bodie argues that intent "turns in large part on the credibility and demeanor of witnesses and is peculiarly within the province of the jury." *Alternative Materials, LLC*

*v. Monroe,* 2022 WL 2484566, at *8 (N.D. Fla. Jun. 1, 2022). The court in *Alternative Materials, LLC,* recognized that intent usually must be determined by circumstantial evidence and, therefore, summary judgment is not proper. *Id.* But in this case, Bodie's intent is evident from his own submissions and testimony.

"In order to establish a claim of civil theft, a plaintiff must demonstrate, by clear and convincing evidence, that the defendant knowingly obtained or used the plaintiff's property with the intent to, either temporarily or permanently deprive the plaintiff of a right to the property or a benefit therefrom, *or alternatively, with the intent to appropriate the property to his own use or to the use of any person not entitled thereto.*" *United States v. Bailey,* 288 F. Supp. 2d 1261, 1265 (M.D. Fla. 2003), *aff'd,* 419 F.3d 1208 (11th Cir. 2005) (citing *Anthony Distribs., Inc. v. Miller Brewing Co.,* 941 F. Supp. 1567, 1575 (M.D.Fla.1996); *Florida Standard Jury Instructions,* 720 So.2d 1077, 1078 (Fla.1998) (emphasis added)).

Bodie's "investments" with Pinder were documented with a Business Loan Agreement. (DE [58] ¶ 1). Bodie told Bostic that he knew someone who worked with lawyers to fund personal injury settlements. *Id.* ¶ 12; Bodie's Answers to Interrogatories (DE [55-17], No. 7. Bodie then entered into Business Loan Agreements with Bostic. *Id.* ¶¶ 13-15. Bodie cut and pasted Business Loan Agreements prepared by Pinder but changed the name, percentage rate, and repayment date. *See* Deposition of Matari Bodie (DE [55-1] p. 27, 29). Bostic introduced Bodie to other people who wanted to participate in Business Loan Agreements (DE [58] ¶ 22-46). Bodie did not suggest that Bostic bring in other people: "Bostic gave me a call and told me there's a contract all these people are going to invest into this." *See* Bodie deposition (DE [55-1] p. 37). Nevertheless, Bodie entered into Business Loan Agreements with the people introduced by Bostic. *Id.* When

4

Bodie received money from these "investors," he used that money to fulfill different contracts. *See* Bodie deposition (*Id.* p. 33). As Bodie described it, "When I get the funds, it's always money going in and coming out, paying people I owe." *Id.,* pp. 33-34.  Bodie described the investments as thus:

> Q. This is a document that's titled Business Loan Agreement between you and Anthony Palmer also dated September 27, 2021; did you also create this document.
>
> A. Yes.
>
> Q. Did you propose the amount of the repayment?
>
> A. Yes.
>
> Q. Did you propose the length of the amount of time for the contract?
>
> A. Yes.
>
> Q, Did Mr. Palmer send you $20,000?
>
> A. Yes.
>
> Q. What did you do with those funds?
>
> A. To pay out contract what was due.
>
> Q. But you didn't pay any money back to Mr. Palmer, correct?
>
> A. No.

(DE [55-1], pp. 46-47). Bodie testified similarly for each assignor who signed a Business Loan Agreement and wired Bodie money.

Bodie's own testimony and statement of facts establish that he intentionally took money from "investors" and used that money to pay off Business Loan Agreements with earlier investors. He never "invested" money in lawsuit settlements as conveyed to Bostic, but instead appropriated the money for his own use. Bodie may not agree with the Court's

conclusion that the facts establish intent to defraud, but he has not presented grounds for reconsideration.

B.   Segregation of Funds

Likewise, the issue of the segregation of funds was raised at the summary judgment stage and addressed by the Court. *Id.* p. 13. Bodie disagrees with the Court's reliance on *Eagle v. Benefield-Chappel, Inc.,* 476 So. 2d 716 (Fla. 4th DCA 1985). But *Eagle* is good law and "[a] party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief." *United States v. Dean,* 838 Fed. Appx. 470, 472 (11th Cir. 2020) (citing *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)).

C.   Notice of Misrepresentations

Bodie argues that he had no notice of misrepresentations underlying the fraud claim and, therefore, the Court improperly entered summary judgment against him. This argument fails for two reasons. First, Bodie did not argue this in his opposition to Plaintiff's Motion for Summary Judgment. *See* Response in Opposition to Plaintiff's Motion for Summary Judgment (DE [60]). A motion for reconsideration is not a means of raising arguments not previously raised. Second, the misrepresentations and intent to defraud were pled in the Complaint (DE [1]).

Bodie complains that the summary judgment was based on his testimony that he used the "investors" money to pay off earlier contracts and that allegation was not made in the Complaint. But the Complaint alleged that Bodie presented an "investment opportunity" to Bostic, that "Bodie represented that the personal injury claims would be paid from a pool of money obtained through a series of 'loans' and that when the personal injury cases were concluded, the 'lenders' would be re-paid with a significant additional

6

return." *Id.,* ¶ 6. The Complaint further alleged that Bodie misrepresented his intent to make the payments. *Id.,* ¶ 31. The facts presented at summary judgment supported these allegations. That Bodie used the Plaintiff's money to pay off earlier contracts is simply part of Bodie's intent not to use the money to fund court settlements; it is not a different theory of liability.

        D.        <u>Internal Inconsistency of the Court's Order</u>

Bodie argues the Court's Order is internally inconsistent because it found that the Business Loan Agreements were unenforceable contracts but also a front for a Ponzi investment scheme. Plaintiff was not entitled to enforce the Business Loan Agreements as contracts because they violated Florida's usury statute. But the Business Loan Agreements were the method by which Bodie obtained wire transfers into his bank account. He then used those funds to pay earlier "investors." There is nothing inconsistent in the Court's findings.

        E.        <u>Unjust Enrichment</u>

Bodie argues the Court erred in not applying the doctrine of unclean hands to bar Plaintiff's unjust enrichment claim. He contends that because the "investors" entered into illegal, usurious contracts they lack the "clean hands" required for equitable relief. But Bodie is not entitled to an unclean hands defense:

> For a defendant to successfully avail itself of the doctrine of unclean hands, it must satisfy two requirements. First, the defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted. Second, even if directly related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by her conduct.

*Calloway v. Partners Nat. Health Plans,* 986 F.2d 446, 450–51 (11th Cir. 1993) (citing *Keystone Driller Co. v. General Excavator Co.,* 290 U.S. 240, 245 (1933)). Bodie has not

7

shown that he was injured by the investors' acceptance of his "offer" of a 25% return. The doctrine of unclean hands does not bar Plaintiff's claims.

For the reasons discussed above, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration (DE [78]) is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of December 2023.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF