UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60661-CIV-SINGHAL

ALEXANDER BOSTIC,

    Plaintiff,

v.

MATARI BODIE,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff Alexander Bostic's Motion for Attorney's Fees. (DE [81]). Plaintiff seeks a total of $127,941.34 in fees incurred in prosecuting this case through summary judgment. The Motion for Attorney's Fees is fully briefed and ripe for review. For the reasons discussed below, the motion is granted in part and denied in part.

The reasonableness of attorney's fees in this circuit is determined by the lodestar method, whereby the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424 (1983*); Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). After determining the reasonable hourly rates, the Court must determine the reasonable number of hours expended in the litigation. *Norman*, 836 F.2d at 1301.

The party seeking an award of fees must document the hours worked and claimed. *Sierra v. JRF, Inc.*, 2017 WL 1929961, at *1 (S.D. Fla. Jan. 9, 2017). The court may only award fees for hours that were "reasonably expended" and should exclude from the initial fee calculation any hours that were not reasonably expended. *Id.* (citing *Hensley,* 461 U.S. at 433-34). The reasonableness of the hours expended depends on counsel's

"billing judgment," that is, the exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301). The court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1299.

Defendant Matari Bodie does not contest Plaintiff's entitlement to fees as the prevailing party, the reasonableness of the requested hourly rates, or the reasonableness of the hours charged. The Court has reviewed the billing records and agrees that the rates and hours are reasonable. But Defendant requests that the Court reduce the fees awarded by 40% to reflect the fact that Plaintiff did not prevail on two causes of action: breach of contract and fraudulent sale of securities in violation of Fla. Stat. § 507.021(22). The Court dismissed the statutory claim at the motion to dismiss stage (DE [31]) and granted summary judgment in favor of Defendant on the breach of contract claim.

In *Norman,* the Eleventh Circuit held that if a plaintiff's case resulted in partial or limited success, the lodestar must be reduced to an amount that is not excessive. The court also held that in reducing the lodestar, "the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion." 836 F.2d at 1303.

In this case, Plaintiff obtained complete success: a judgment in the full amount he claimed. But Plaintiff did not prevail on two of his claims and one of them – breach of contract – generated substantial motion practice. Defendant's usury defense required the parties to conduct extensive research and analysis. Plaintiff's counsel billed on an hourly

basis; this was not a contingent fee case. The Court concludes, therefore, that Plaintiff's attorney's fees should be reduced to avoid charging Defendant for Plaintiff's unsuccessful theories.

After careful review of the billing records, the Court has determined that it is impossible to segregate out hours spent on the unsuccessful breach of contract and sale of security claims from the successful civil theft and fraud claims, and therefore, it is necessary to consider a percentage reduction in hours based on the overall success of the litigation. *See Holmes v. Collier Cnty. Bd. of Comm'rs,* 2011 WL 4048962, at *4 (M.D. Fla. Sept. 13, 2011), *report and recommendation adopted,* 2012 WL 718809 (M.D. Fla. Mar. 6, 2012) (reducing percentage of attorney fee award). But the Court finds that the 40% reduction urged by Defendant is excessive. The Court has reviewed the time records pertaining to Defendant's Motion to Dismiss and Motion for Summary Judgment and concludes that a 25% reduction of fees would adequately account for Plaintiff's lack of success on two claims. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Attorney's Fees (DE [81]) is **GRANTED IN PART AND DENIED IN PART.** Plaintiff is awarded attorney's fees in the amount of $95,956.00.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of December 2023.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF