UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60661-CIV-SINGHAL

ALEXANDER BOSTIC,

    Plaintiff,

v.

MATARI BODIE,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff Alexander Bostic's Motion for Bill of Costs. (DE [77]). Defendant has not filed a memorandum in opposition. For the reasons discussed below, the motion is granted in part and denied in part.

Generally, "costs—other than attorney's fees—should be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), and 28 U.S.C. § 1920 enumerates the recoverable costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). The court has the "discretion to refuse to tax costs in favor of the prevailing party." *Id.* at 442. Nevertheless, "Rule 54(d) establishes 'a presumption that costs are to be awarded to a prevailing party,' and that '[t]o defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so.'" *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1355 (11th Cir. 2005) (alteration in original) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1038–39 (11th Cir. 2000)).

Plaintiff is the prevailing party in this case and has submitted a Bill of Costs pursuant to 28 U.S.C. § 1920, seeking $3,211.91 in costs:

    $602.00 for Fees of the Clerk

    $486.20 for service of summons and subpoena

$2,123.71 for printed or electronically recorded transcripts necessarily obtained for use in the case.

Defendant has not filed an objection to these requested costs. Nevertheless, the Court has conducted its own review of the costs requested. Each category of costs is set forth below.

1. <u>Fees of the Clerk</u>

Fees of the Clerk are taxable under 28 U.S.C. § 1920(1). Plaintiff seeks to tax the $402 filing fee and $200 in *pro hac vice* fees for his lead attorney. Although Defendant does not object to these costs, this Court considers *pro hac vice* fees to be "an expense of counsel, not the client, and are not recoverable as a fee of the clerk." *Exhibit Icons, LLC v. XP Companies, LLC,* 2009 WL 3877667 at *1 (S.D. Fla. Nov. 18, 2009). The Court will not tax the $200 *pro hac vice* Fees of the Clerk but will tax the $402 filing fee.

2. <u>Service of summons</u>

Plaintiff seeks to recover $486.20 for service of subpoenas. "Private process server fees may be taxed" under § 1920(1), as long as they "do not exceed the statutory fees authorized in [28 U.S.C.] § 1921." *See W & O, Inc.*, 213 F.3d at 624. Under 28 C.F.R. § 0.114(a)(3), the U.S. Marshal's statutory fee is $65 per hour for each item served, "plus travel costs and any other out-of-pocket expenses."

Plaintiff has submitted a receipt for service of process for $35 and receipts for service of two subpoenas at $30 each. Those items are properly taxable. But Plaintiff seeks to recover $180 for service of two subpoenas and $180 for rush service. These amounts exceed the permissible amount. The Court will reduce the amount requested to comply with the maximum rate and tax a total of $65 for each of the two subpoenas and will disallow the rush service. This invoice also contained a charge of $1.20 for printing,

which will be allowed. A total of $226.20 fees for service of summons and subpoena will be taxed.

3.  <u>Fees for printed or electronically recorded transcripts</u>

Plaintiff seeks $2,123.71 for transcripts and videotaped depositions. These depositions were necessarily obtained for use in the case. Defendant offers no objection to these charges and the Court finds they are properly taxable.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Tax Costs (DE [77] is **GRANTED IN PART AND DENIED IN PART.** Costs are taxed in favor of Plaintiff Alexander Bostic and against Matari Bodie in the amount of $2,751.91.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of December 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF