UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60661-SINGHAL/VALLE

ALEXANDER BOSTIC,

    Plaintiff,

v.

MATARI BODIE,

    Defendant,

v.

TD BANK, NATIONAL ASSOCIATION,

    Garnishee.

_____

## ORDER DISSOLVING WRIT AND DENYING CLAIM OF EXEMPTION

THIS MATTER is before the Court upon Defendant/Judgment Debtor Matari Bodies's: (i) Claim of Exemption and Request for Hearing (ECF No. 104-1) (the "Claim of Exemption");[1] and (ii) Motion to Dissolve Writ of Garnishment (ECF No. 109) (the "Motion to Dissolve the Writ") (together, the "Motions"). U.S. District Judge Raag Singhal has referred to the undersigned all motions relating to post-judgment collection efforts. (ECF No. 106). Having reviewed the Claim of Exemption and the Motion to Dissolve the Writ, and being otherwise duly advised in the matter, it is hereby **ORDERED AND ADJUDGED** that: (i) the Claim of Exemption is **DENIED AS MOOT**; and (ii) the Motion to Dissolve the Writ is **GRANTED BY DEFAULT** for the reasons set forth below.

---

[1] Although filed as a Notice of Filing, the Court construes the Claim of Exemption as a Motion, which is denied for the reasons set forth below.

## I.     BACKGROUND

On March 31, 2023, this Court entered a Final Judgment in favor of Plaintiff and against Defendant Matari Bodie (the "Judgment Debtor") in the amount of $897,000. (ECF No. 76). As part of Plaintiff's efforts to collect on the Final Judgment, in early January 2024, Plaintiff requested and was granted an ex parte Writ of Garnishment on TD Bank, National Association ("TD Bank") for tangible and intangible personal property belonging to the Judgment Debtor in TD Bank's possession or control. *See* (ECF Nos. 93, 94).

In response, on January 12, 2024, TD bank filed its Amended Answer to the Writ of Garnishment indicating that the Judgment Debtor had one account (ending in 4198) with $3,995.25; and (ii) TD bank had retained the amounts subject to the Writ.[2] (ECF No. 97 at 1). On the same day, pursuant to Florida Statute § 77.055, Plaintiff served the Judgment Debtor with a Notice of Garnishment and TD Bank's Amended Answer. *See* (ECF Nos. 98, 99). Thereafter, on February 1, 2024, the Judgment Debtor filed the Claim of Exemption. (ECF No. 104). On February 22, 2024, the Judgment Debtor filed the Motion seeking to Dissolve the Writ. (ECF No. 109). To date, Plaintiff has not responded to the Claim of Exemption or the Motion.

## II.     LEGAL STANDARD

Collection of money judgments in federal court is governed by state law. *See* Fed. R. Civ. P. 69(1)(1). In Florida, the relevant standard for claiming an exemption as to the collection of money judgments is set forth in Fla. Stat. § 77.041(3), which provides:

> Upon the filing by a defendant of a sworn claim of exemption and request for hearing, a hearing will be held as soon as practicable to determine the validity of the claimed exemptions. If the plaintiff or plaintiff's attorney does not file a sworn written statement that answers the defendant's claim of exemption within . . . 14

---

[2] Although TB Bank filed an initial Answer, TD Bank's Amended Answer (reflecting larger sums of money) filed on January 12, 2024, is the relevant filing for purposes of this Order. *See* (ECF Nos. 95, 97).

> business days if the claim and requests were served by mail, no hearing is required and *the clerk must automatically dissolve the writ* and notify the parties of the dissolution by mail.

Fla. Stat. § 77.041(3); *see also Highland Consulting Grp., Inc. v. Soule*, No. 19-CV-81636, 2022 WL 3155090, at *1 (S.D. Fla. June 30, 2022) ("It is well settled that the service requirements in Florida's garnishment statutes are to be "strictly construed.") (citation omitted); *Allen v. Robert F. DeLuca, M.D., P.A.*, No. 18-CV-81265, 2020 WL 1832323, at *2 (S.D. Fla. Mar. 25, 2020), *report and recommendation adopted*, No. 18-CV-81265, 2020 WL 1828510 (S.D. Fla. Apr. 13, 2020) ("Florida law requires garnishment statutes . . . to be strictly construed.") (citation omitted).

Thus, if a plaintiff or plaintiff's attorney does not file a sworn written statement that answers the judgment debtor's claim of exemption, the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.  *See Allen*, 2020 WL 1832323, at *2; *see also Orso et al v. Joseph,* No. 21-CV-60208-BB (S.D. Fla. Dec. 5, 2023) (ECF No. 22) (dissolving writ of garnishment upon plaintiff's failure to respond to a claim of exemption); *Nationwide Judgment Recovery v. McClean*, No. 20-MC-62654-RS (S.D. Fla. Sept. 2, 2022) (ECF No. 20 at 4) (same).

### III.  DISCUSSION

Judgment Debtor's Claim of Exemption was timely filed on February 1, 2024, and complies with the requirements of Florida Statute § 77.041.  Specifically, the Claim of Exemption: (i) uses the form provided in the statute; (ii) is notarized; (iii) was timely filed within 20 days after the Judgment Debtor received notice of the Writ;[3] and (iv) was served on Plaintiff's counsel via CM/ECF (which is akin to service by mail).  *See* (ECF No. 104); *see also* Fla. Stat. § 77.041(1); *Orso v. Thomas*, No. 21-MC-60120 (S.D. Fla. July 11, 2022) (ECF No. 19) (noting that CM/ECF

---

[3] The Judgment Debtor was served with Notice on January 12, 2024.  *See* (ECF Nos. 98, 99).  The 20-day period expired on February 1, 2024.

3

service is equivalent to service by U.S. mail), *report and recommendation adopted* (S.D. Fla. July 26, 2022) (ECF No. 20).

Pursuant to Florida Statute § 77.041(3), Plaintiff or Plaintiff's attorney had 14 days to object to the Claim of Exemption, but no objection has been filed to date. Thus, Plaintiff has failed to comply with § 77.041(3) and the Clerk of Court "must automatically dissolve the writ and notify the parties of the dissolution by mail." Fla. Stat. § 77.041(3); *see also Nationwide Judgment Recovery*, No. 20-MC-62654 (ECF No. 20 at 4, 5) (dissolving writ of garnishment based on plaintiff's failure to respond to claim of exemption); *Holloway v. City of Orlando*, No. 15-CV-129-OrL-40GJK, 2017 WL 4773356, at *1-2 (M.D. Fla. Oct. 4, 2017) (recommending dissolution of writ based on plaintiff's failure to respond as statute requires).

Based on the automatic statutory dissolution of the Writ, the Judgment Debtor has obtained the relief requested in the Motion to Dissolve the Writ.[4] Accordingly, that Motion is **GRANTED BY DEFAULT**.

### IV.   CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that:

1. The Judgment Debtor's Claim of Exemption and Request for Hearing (ECF No. 104-1) is **DENIED AS MOOT** based on the statutory dissolution of the writ;

2. Defendant/Judgment Debtor's Motion to Dissolve Writ of Garnishment (ECF No. 109) is **GRANTED BY DEFAULT**;

3. The Clerk of Court must **DISSOLVE THE WRIT OF GARNISHMENT** on TD Bank (ECF No. 94); and

---

[4] To be clear, Plaintiff has also failed to respond to the Motion to Dissolve the Writ, which supports granting that Motion by default.

4

4.     Within **two business** days from the date of this Order, Plaintiff must serve a copy of this Order on: (i) TD Bank; and (ii) the Judgment Debtor, by First Class Mail, and file a Notice of Service.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on March 14, 2024.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Raag Singhal
     All counsel of Record